16 F.3d 414
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Lester YOUNG, a/k/a Dee, Defendant-Appellant.
 No. 93-5345.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 10, 1993.
Decided Feb. 3, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-92-183-3-P)
 Argued: Gregory Bruce Park, Goodman, Carr, Nixon & Laughrun, Charlotte, NC, for appellant.
 Kenneth Davis Bell, Office of the U.S. Atty., Charlotte, NC, for appellee.
 On Brief: Jerry W. Miller, U.S. Atty., Gretchen C.F. Shappert, Asst. U.S. Atty., Charlotte, NC, for appellee.
 W.D.N.C.
 AFFIRMED.
 Before PHILLIPS and HAMILTON, Circuit Judges, and NORTON, United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Following a jury trial, James Lester Young (hereinafter "Young") was convicted of conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and 21 U.S.C. Sec. 846. The jury trial was held before the Honorable Robert D. Potter, who also sentenced Young. An aspect of the sentencing phase of Young's case is at issue before this court.
 
 
 2
 The presentence report stated that Young was responsible for between 2 and 3.5 kilograms of cocaine. Young objected to this amount. At the sentencing hearing, the district judge reduced the amount of cocaine attributable to Young to between 500 grams and 2 kilograms. On appeal to this court, Young contends that the sentencing court erred in its limited reduction arguing that there was insufficient credible evidence or factual findings to support its conclusion.
 
 I.
 
 3
 Evidence presented at trial established a cocaine distribution network operating between New York, New York and Charlotte, North Carolina. The government's case against Young rested primarily on the testimony of Dagoberto Concepcion-Cueto, the alleged coconspirator who was in charge of drug distribution in Charlotte, North Carolina.
 
 
 4
 Concepcion-Cueto identified Young as the man he knew as "Dee," to whom Concepcion-Cueto sold cocaine on behalf of the drug organization which was headed by Tomas Diaz.[1] Concepcion-Cueto testified that he sold varying quantities of cocaine to Young every week. Concepcion-Cueto kept written records of these transactions for a while, but then discontinued this practice. He identified a small book as being a partial record of his drug business with Diaz.[2] Among the names listed in the small book was "Dee" or"D," who Concepcion-Cueto identified as Young. This partial record of drug sales indicated that Young purchased 53 ounces of cocaine from the Diaz organization during the course of the conspiracy.
 
 
 5
 Young testified on his own behalf. According to Young, he ran into Concepcion-Cueto at a Waffle House in Charlotte during March of 1992 and Concepcion-Cueto suggested to him that he could make money selling cocaine. Young testified that Concepcion-Cueto handed him a brown bag which contained approximately eighteen (18) grams of cocaine, which Young and his friends subsequently used. Young paid Concepcion-Cueto later for this cocaine. Young acknowledged several telephone conversations that he had with Concepcion-Cueto regarding drug deals, but steadfastly maintained that his only purchase of cocaine from the Diaz organization was the 18 grams given to him at the Waffle House in March of 1992. On cross-examination, Young acknowledged that his nickname is "Dee."
 
 II.
 
 6
 At the sentencing hearing, Young objected to the calculation in the government's presentence report which found that he was responsible for between 2 to 3.5 kilograms of cocaine.[3] The basis of Young's objection was that there was no credible testimony to attribute that amount of cocaine to him.[4] The district judge, having presided at Young's trial, relied on the trial testimony, considered Young's arguments, and reduced the amount of cocaine attributable to Young to between 500 grams and 2 kilograms. Young once again argues that there was no credible testimony to support this finding and that the sentencing court committed clear error in failing to make specific findings of fact regarding the evidence supporting its decision as to the amount of cocaine attributable to Young. We disagree and affirm the sentencing court.
 
 III.
 
 7
 Where there is no drug seizure, the sentencing judge may approximate the quantity of the controlled substance. United States Sentencing Guidelines Sec. 2D1.1, Application Note 12.[5] This court has stated that "this Note suggests ... supporting factors that lead to the approximation must be present, and they must be the subject of findings." United States v. Johnson, 943 F.2d 383, 387-88 (4th Cir.1991) (referring to the former Sec. 2D1.4, Application Note 2). On appeal, the lower court's factual findings on the quantity of drugs reasonably foreseeable to a defendant will not be disturbed unless the lower court committed clear error. United States v. Hicks, 948 F.2d 877, 881 (4th Cir.1991).
 
 
 8
 Upon a review of the record, it is clear to this court that the sentencing judge properly relied upon the testimony and exhibits presented at trial to determine the quantity of cocaine reasonably foreseeable to Young. The sentencing judge specifically stated:
 
 
 9
 [A]s I recall the testimony and based on what's being said [by counsel], I certainly don't think we can get down to the number of grams [18 grams] that ... [Young's counsel is] talking about. I feel perhaps ... [Young is] entitled to a reduction down to between five hundred grams and two kilograms, but certainly not anything less than that I don't think. Even that's stretching it a little bit I believe.
 
 
 10
 Joint Appendix, p. 151 (sentencing court's transcript) (emphasis added). Although it would have been a better practice by the sentencing judge to articulate specific findings of fact supporting his reasoning in reducing the amount of drugs reasonably foreseeable to Young, we conclude that his reliance on the trial testimony is sufficient to pass the clear error standard of review. The sentencing judge had the unique opportunity of observing all trial witnesses and judging their credibility. Concepcion-Cueto's partial written record of drug sales alone represented that Young had purchased 53 ounces of cocaine from the Diaz organization, which is within the range established by the sentencing judge. Finding no clear error, we affirm.
 
 
 
 [1]
 Concepcion-Cueto testified that he first agreed to work for Diaz around Christmas, 1991
 
 
 [2]
 Drug transactions were recorded in the book from January 20, 1992 to May 7, 1992
 
 
 [3]
 There had been no drug seizure
 
 
 [4]
 Appellant contended that the trial testimony of Concepcion-Cueto was full of misstatements, falsehoods and contradictions
 
 
 [5]
 Application Note 12 of Sec. 2D1.1 states in part:
 Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance. In making this determination, the court may consider, for example, the price generally obtained for the controlled substance, financial or other records, similar transactions in controlled substances by the defendant, and the size or capability of any laboratory involved....
 (Prior to the 1992 amendments to the United States Sentencing Guidelines, this language was found at Sec. 2D1.4, Application Note 2.)